(78 Misc. Rep. 92.)

### BRODIE v. MAHER.

(Supreme Court, Special Term, Kings County. October, 1912.)

EXECUTION (§ 402*)—AGAINST WAGES—NOTICE.

Where a judgment debtor has not been examined in supplementary proceedings, an application for an order directing issuance of execution against his wages, under Code Civ. Proc. § 1391, must be on notice.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1156–1159; Dec. Dig. § 402.*]

Action by Jacob Brodie against William T. Maher. Judgment for plaintiff. On application for order directing execution against wages. Denied.

Ernest P. Seelman, of New York City, for plaintiff.

KELLY, J. Application is made by Jacob Brodie, the plaintiff in five separate actions pending in this court, the venue being laid in Onondaga county, in the Fifth judicial district, for orders directing the issuance of execution against the wages and earnings of the judgment debtors in each case. The orders applied for direct the issuance of executions to the sheriff of New York county, in the First judicial district. In three of the cases it is alleged that the defendants Nash, Kirby, and Maher reside in New York county. The judgments are for $48.31, $43.51, and $47.71, respectively. The office of the plaintiff's attorney is in New York county. In the remaining two cases, it is stated in the affidavit of plaintiff's attorney that the defendants reside in Kings county. The judgments in these cases are for $67.02 and $56.97. It is alleged that all of these judgments were entered upon confession in Onondaga county, the county seat of which county is the city of Syracuse. The applications for the order directing the issuance of execution are made pursuant to section 1391 of the Code. The plaintiff's attorney makes affidavit in four of the cases that the defendant is "employed by the city of New York." In the case of Mary K. Murphy, it is stated that she is employed by the "board of education." He also states the terms of the employment and the amount due or to become due for wages. An execution is asked, directing the sheriff of New Yory county to levy on the wages due the judgment debtors, collecting 10 per cent. thereof until the judgment is paid.

I decline to sign these orders, for the reason that the proof of the facts requisite under section 1391 of the Code is not satisfactory to

me. The attorney for the plaintiff makes these statements as to the employment of the defendants and the amount due for wages, positively. There must be some mistake about this. Necessarily the statements must be made upon information and belief. In the first place, I desire to know the sources of his information and the grounds on which he makes these statements. The defendants have not been examined in supplementary proceedings, so far as appears by the affidavit, and have had no notice of application for this order.

I also direct that notice of application for this order be given to each defendant. But the attorney for the plaintiff says that the judge is obliged to sign the order without notice to the defendants. This seems to me to be an astonishing proposition. I do not so interpret section 1391 of the Code. The provision is that:

"The judgment creditor may apply to the court in which said judgment was recovered or the court having jurisdiction of the same without notice to the judgment debtor, and upon satisfactory proof of such facts by affidavits or otherwise, the court, if a court not of record, a judge or justice thereof, must issue, or if a court of record a judge or justice must grant an order directing that an execution issue against the wages," etc.

I do not think the Legislature ever intended to prohibit a justice of the court from directing that notice be given to any litigant or person against whom a remedy is invoked. If they did, the prohibition is of no effect. The power, if not the duty, of a justice of the court in a proper case to direct that notice shall be given to parties affected by orders which he is called upon to make, cannot be limited or curtailed. There are cases where notice is not necessary or practicable, or where notice might defeat the application; but none of these situations is presented here. Every canon of fair dealing and equity would call for such a notice on an application such as the one now before the court, for the following reasons, among others:

First. I am informed by the learned counsel for the plaintiff that, when application was made for a similar order in this class of cases to the Supreme Court in Onondaga county, where the judgments were obtained, Mr. Justice Andrews declined to sign the orders unless notice was given. I think the precedent is worthy of respect and ought to be followed until declared erroneous. Instead of following the matter up in the court in which the judgments were entered, the plaintiff shifted his operations to New York county, and later to Kings county.

In the next place these judgments, as I am informed by the counsel for the plaintiff, are for "loans." The business involved in these "loans" is now under investigation by the district attorney of New York county. I am informed that the plaintiff, Brodie, has been indicted for violation of the law in connection with this loan business and that the indictments are pending in New York county. The judgments by confession are for the face of loans, interest, and costs, and it is publicly charged that the loans are usurious and that the whole business is unlawful. While the judgment "by confession" in Syracuse may be res adjudicata, it seems to me that, on an ap-

plication based on such judgments, a judge should be fully satisfied of the fact before making the order.

Again, it may be that there are other and prior liens on these funds, that other orders have been issued against them, that the money is not due, or that the amounts are incorrect. If the facts stated in the affidavit are true, the plaintiff can in no way be prejudiced by notice to the defendant; whereas, a summary order without notice may inflict serious injury on a defendant, especially in this class of litigation, where the sheriff is directed to levy on wages in the possession of an employer without notice or opportunity given to the servant possibly to pay the small judgment and avoid discharge. It must be remembered that these judgments are entered "on confession," executed perhaps a long time before the creditor enters judgment. The defendant may have had no notice of the judgment, he has not been examined in supplementary proceedings, and the demand and levy on his employer is the first intimation given him. I am not passing on the power of the Legislature to prescribe procedure in litigations; but with such drastic remedies, in this class of cases, I think a judge is not only justified in directing that notice of the application be given, but that it is his duty to so direct. What possible reason can be advanced to a court of justice for refusing notice?

When application was made by Brodie, the plaintiff, to Mr. Justice Blackmar in this district some months since, for orders of this description, the justice said, in a memorandum filed and reported in 138 N. Y. Supp. 871, that orderly procedure required that these applications should be made in the First district. In three of the applications submitted to me there is no reason why the orders should be applied for in Kings county, or in the Second judicial district. It is true that the authority of a justice of the Supreme Court may be exercised in any part of the state, but the application for this order is a motion. Code Civ. Proc. § 768. In the three cases mentioned, the judgment was recovered in Onondaga county, the defendants resided and now reside in New York county, the execution is directed to the sheriff of New York county, and the fund is in that county. In the other two cases, the same situation exists, except that it is stated that the defendants reside in Kings county. The Code (section 1391) provides that either party may apply for a modification of the order, and this application may be made in the county to which the execution is directed and the levy made. It would seem that not only the orderly course of procedure, but the necessary avoidance of contrary orders and rulings by justices residing in different judicial districts, require that these applications should be made in the district where the execution is to be issued and the levy made.

For these reasons, I decline to sign the orders presented to me, unless the facts are established to my satisfaction, and until notice of the application for the order is given to the defendant in each case.

Ordered accordingly.